◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD A. PAULO, Appellant.—Kane, J. Appeal from a judgment of the Supreme Court at Trial Term (Ellison, J.), rendered July 12, 1984 in Chemung County, upon a verdict

convicting defendant of the crimes of burglary in the third degree, grand larceny in the third degree and criminal possession of stolen property in the second degree.

Defendant's conviction stems from the burglary of a Quick-Stop Beverage and Grocery Store located in the Town of Horseheads, Chemung County, on or about August 15, 1983. At trial, testimony established that defendant and several other individuals met at a park where a concert was being given. At some point during this gathering, members of the group decided to steal some beer. Accomplices to the burglary testified that defendant had told them that he would be able to sell any beer that the others could manage to steal. Defendant also offered the use of his pickup truck to transport the beer back to his house. Later that night, while defendant remained at home, the others drove defendant's truck to the store, broke in and stole nearly 100 cases of beer, beer kegs, beer keg taps and boxes of cigarettes. The stolen goods were brought to defendant's home where defendant was sleeping. Kim Hess, defendant's paramour, had accompanied the men who actually committed the burglary. Hess testified that, when they arrived at defendant's house, she awakened defendant, who then opened his garage door so that the stolen goods could be stored in his garage.

Michael Skalko, a tavern owner who was an acquaintance of defendant, testified that at about the time of the burglary defendant had approached him in order to sell a "truckload" of beer. Skalko testified that he declined defendant's offer and thought the offer was suspicious, since he did not know how or where defendant obtained the beer. Ponel Jackson, another of defendant's acquaintances, testified that he bought approximately 100 cases of beer from defendant on August 15, 1983. Jackson testified that he paid defendant $75 or $80 in cash for the beer and agreed to pay him an additional sum of about $90.

Defendant testified that he did not arrange the burglary nor have any knowledge of it until after the fact. Defendant stated that he loaned his truck to Hess so that she would transport some of her personal belongings to Syracuse where her family lived. Defendant also testified that he awoke on the morning of August 15, 1983 and discovered for the first time that there were 12 to 15 cases of beer in his garage. Defendant stated that he had no idea where the beer came from, but suspected that Hess had stolen it. In order to cover up for his girlfriend, defendant claimed that he helped her in selling the beer.

Prior to defendant's arrest in connection with the burglary,

Hess agreed to engage defendant in a telephone conversation. The resulting incriminating conversation was recorded by the police. During the pretrial hearings, defendant moved to suppress the tape recording. County Court denied the motion and the recording was admitted at trial. At the close of evidence at defendant's trial, the court instructed the jury that a person may not be convicted of an offense solely upon the testimony of accomplices and that such accomplice testimony must be corroborated by evidence which tends to connect the defendant with the offense. After the jury was charged, defendant claimed that several jurors had their eyes closed while the court was charging the jury and were therefore not paying attention. Because of defendant's protest, the court asked the jury whether they had listened to the court's instructions. Since the jury indicated that they had listened to the charge, the court did not recharge the jury. Defendant was found guilty upon all counts of the indictment and this appeal ensued.

Defendant contends that the recording of his telephone conversation with Hess should have been suppressed on the ground that he was "entrapped" into participating in the conversation. This contention is without merit. Initially, we note that since Hess consented to its recording, defendant's constitutional rights are not implicated *(People v McGee,* 49 NY2d 48, 59). Moreover, the defense of entrapment has no bearing on this case, as defendant was not induced or encouraged by the police to commit an offense *(see,* Penal Law § 40.05). The fact that defendant may have been tricked into making incrimination statements about his role in the burglary does not afford him a defense to his unlawful conduct.

Contrary to defendant's contention, we find that County Court properly instructed the jury as to the law regarding accomplice testimony and the requirement of corroboration *(see,* CPL 60.22). Finally, we find that the court's inquiry of the jury, subsequent to defendant's contention that certain jurors were not listening to the charge, was adequate. The judgment should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.